IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CINDY DAVIS on behalf of<br>JOHN GUE, Deceased,<br>4369 Drycott St.<br>Groveport, OH. 43215<br><br>    *Petitioner*<br><br>v.<br><br>ROBERT WILKIE, Secretary<br>810 Vermont Avenue, NW<br>Washington DC 20420<br>UNITED STATES DEPARTMENT OF<br>VETERANS AFFAIRS<br><br>    *Agency, Defendant* | Civil Action No. 18-2032 |

## COMPLAINT

### NATURE OF ACTION

This is an action seeking judicial review of the Agency's final decision denying the Petitioner's administrative tort claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), 2671-80.

### JURISDICTION AND VENUE

1. This Court posses jurisdiction over this action pursuant to 28 U.S.C. § 1331, which vests district courts with original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

2. Proper venue is laid in this Court pursuant to 28 U.S.C. § 1391(e)(1), as the Secretary of Veterans Affairs is located in Washington, D.C.

## PARTIES

3. Petitioner, Cindy Davis, is the executrix for the estate of John Gue, a veteran of the United States Marine Corps.

4. Defendant, Robert Wilkie, is the Secretary of Veterans Affairs and is named in his official capacity.

## FACTUAL ALLEGATIONS

5. Deceased, John Gue, served in the United States Marine Corp from 1969 to 1971.

6. While in the Marine Corps, Mr. Gue was exposed to Agent Orange, the effects of which he dealt with for the remainder of his life.

7. On March 7, 2003, the Cincinnati Police Department was dispatched to Mr. Gue's residence to check on him after Mr. Gue's family complained that they had not heard from Mr. Gue for two days.

8. The Cincinnati Police Department discovered Mr. Gue on the floor of his home and he was taken to Mercy Hospital.

9. Doctors informed Mr. Gue's family that they suspected he had suffered a seizure two days before his discovery by the Cincinnati Police Department, during which he dislocated both of his shoulders and was unable to push himself off the ground.

10. On March 9, 2003, Mr. Gue was transferred from Mercy Hospital in Cincinnati to the VA Hospital after Mercy Hospital had requested Mr. Gue's medical records from the VA Hospital and the VA requested a transfer.

11. On June 3, 2003, Mr. Gue suffered another seizure while at the VA Hospital for an appointment.

12. At this time, Mr. Gue complained of pain while breathing. It was later determined that he had several broken ribs.

13. On July 25, 2003, Mr. Gue underwent surgery at the VA Hospital to repair damage to his shoulder suffered in March (¶ 9, *supra*).

14. On July 2, 2017, Mr. Gue passed away.

15. Scheduled July 6, 2017, an autopsy was performed on Mr. Gue at The Ohio State University Wexner Medical Center to determine his cause of death. Mr. Gue's immediate cause of death was diffuse alveolar damage of the lungs, which cause Mr. Gue to experience respiratory failure. This finding included vague hyaline membranes and extensive hemorrhage.

16. Some of his cited ailments include:
    a. Chronic post-traumatic stress disorder (PTSD);
    b. Myocardial infarction;
    c. Hyperlipidemia;
    d. Osteoarthritis; and
    e. Permanent atrial fibrillation and seizures.

17. Mr. Gue's autopsy report also indicates that Mr. Gue underwent the following medical procedures:

   a. Colectomy;

   b. Abdominal wall defect repair;

   c. Shoulder replacement (bilateral);

   d. Open reduction internal fixation of the humerus; and

   e. Hernia repair.

18. Mr. Gue had been treated for these ailments at the VA Hospital.

19. Cindy Davis is named in Mr. Gue's will as the executrix of his estate.

20. On September 13, 2017, the Department of Veterans Affairs [herein after "DVA"] Office of General Counsel received Ms. Davis' Standard Form (SF) 95, *Claim for Damage, Injury, or Death*, claiming that the VA Hospital failed to properly recognize and timely treat Mr. Gue for injuries sustained during his service. It is this failure that lead to his untimely death.

21. On May 7, 2018, the DVA rejected Ms. Davis' FTCA claim on the basis "that there was no negligent or wrongful act on the part of an employee of the DVA, acting within the scope of his or her employment."

22. To date, DVA has not provided any support to its conclusion made in 21, Supra.


## CLAIM FOR RELIEF

23. Petitioner re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above, as if fully set forth herein.

24. Petitioner asserts that the Agency's final action of May 7, 2018, denying her administrative tort claim on behalf of Mr. Gue's estate is arbitrary, capricious, contrary to law, and unsupported by substantial evidence.

25. Pursuant to 28 U.S.C. § 1346(b), the DVA may be held liable for Mr. Gue's injury and death by the negligent or wrongful act or omission of any employee of the Agency while acting within the scope of his office or employment.

## PRAYER FOR RELIEF

26. Holding the Agency's May 7, 2018 decision as arbitrary, capricious, contrary to law, and unsupported by substantial evidence;

27. Finding that the VA was negligent in the care and treatment of Veteran John Gue;

28. Ordering that the Department of Veterans Affairs pay Petitioner $10,000,000 in compensatory and non-compensatory damages;

29. Ordering Defendant to pay Petitioner Attorneys Fees and costs related to this litigation.

30. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Michael D.J. Eisenberg
Michael D.J. Eisenberg
D.C. Bar No. 415793
Attorney for the Petitioner
Law Office of Michael D.J. Eisenberg
700 12th Street, NW, Suite 700
Washington, D.C. 20005
O: (202) 558-6371
F:  (202) 403-3430
Email: Michael@Eisenberg-lawoffice.com